# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

SKI BOWL REALTY MEMBERS LLC,

                              *Plaintiff,*

   *-against-*

                                                          No. 12-CV-4607
                                                                         (PGG)

DAVID C. CRIKELAIR and
THOMAS P. DOUGHERTY, JR.,

                              *Defendants.*

---

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

---

                                                    O'CONNELL AND ARONOWITZ
                                                    *Attorneys for Defendants*
                                                    54 State Street
                                                    Albany, NY  12207-2501
                                                    (518) 462-5601

JEFFREY J. SHERRIN
CHARLES C. DUNHAM
 *Of Counsel*

Dated: October 2, 2012

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 1

POINT I .................................................................................................................................. 3

    THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
    JOIN NECESSARY PARTIES ....................................................................................... 3

        A.   FrontStreet is a Necessary and Indispensable Party ........................... 3

             1.    FrontStreet is a Necessary and Indispensable Party under
                 FRCP 19 ................................................................................................. 3

             2.    Ski Bowl's Claims are Derivative Claims ................................... 4

        B.   The Original Members are Necessary and Indispensable Parties ..... 7

CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

Page

### Statutes

*Buechel v. Bain*,
  766 N.E.2d 914 (N.Y. 2001) ............................................................................................ 9
*D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*,
  564 N.E.2d 634 (N.Y. 1990) ............................................................................................ 9

### Federal Cases

*Bartfield v. Murphy*,
  578 F. Supp. 2d 638 (S.D.N.Y. 2008) .............................................................................. 5
*Hunt v. Washington State Apple Adver. Comm'n*,
  432 U.S. 333 (1977) ......................................................................................................... 2
*Lenz v. Associated Inns and Restaurants Co. of Am.*,
  833 F. Supp. 362 (S.D.N.Y.1993) .................................................................................... 5

### Delaware Cases

*Kramer v. Western Pacific Industries, Inc.*,
  546 A.2d 348 (Del. 1988) ............................................................................................ 5, 6
*Lipton v. News Int'l Plc.*,
  514 A.2d 1075 (Del. 1986) ............................................................................................... 5
*Tooley v. Donaldson, Lufkin & Jenrette, Inc.*,
  845 A.2d 1031 (Del. 2004) .......................................................................................... 5, 6

### Federal Statutes

Fed. R. Civ. P. 12(h)(3) .......................................................................................................... 2
Fed. R. Civ. P. 19(a) .............................................................................................................. 3
Fed. R. Civ. P. 19(b) .............................................................................................................. 3

**PRELIMINARY STATEMENT**

Defendants David C. Crikelair and Thomas P. Dougherty, Jr. respectfully submit this memorandum of law in reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint.

**ARGUMENT**

All but conceding that its own pleadings demand the dismissal of the action on jurisdictional grounds because of failure to join FrontStreet and the Original Members as parties, Plaintiff now seeks to restructure its Complaint and the relief sought, by:

1. Withdrawing all allegations and claims that could be construed as directed against anyone other than Defendants, limiting the relief to be awarded "accordingly" without stating what that limitation should be, and amending the complaint in unidentified ways (*See* Plaintiff's MOL, at *6, fn.2);

2. Withdrawing all allegations about fiduciary duties owed to FrontStreet or to the Original Members, and consenting to limiting the relief, in unspecified ways (*See* Plaintiff's MOL, at *10, fn. 5, and 14);

3. Abandoning any declaration sought that Defendants and the Original Members respond to its Third Offer Notice (*See* Plaintiff's MOL, at *20); and

4. Claiming for the first time that it would be a hardship to relegate Plaintiff to their state court remedy, which they have conceded all along that they have (*See* Plaintiff's MOL, at *22).

Since the Complaint, as filed, was described by Plaintiff as being entirely about breach of duties, seeking an order compelling non-parties to take certain actions and preventing

1

Defendants from communicating their good faith position to them, it is unclear what is left. It would now appear that all Plaintiff is seeking is an advisory opinion regarding the expressed disagreement among just three of the members of FrontStreet, which the Court cannot give, based upon an unsupported contention that somehow, because Defendants disagree with them, they cannot try to sell the Property.

So, Plaintiff now describes its injury as "not being able to move the sale process forward" (*See* Plaintiff's MOL, at *9), and admits that a "sale of the Property to a third party is not even inevitable," (*Id*. at *11), because the "fact that at some later date, depending on yet unknown developments, the Property may be sold" (*Id*. at *10). While Defendants did not previously raise the $75,000 jurisdictional threshold in a diversity case, it is now apparent that the threshold is not met by the newly defined Complaint, and there is an additional jurisdictional ground for dismissal, which the Court can entertain at any time. *See* Fed. R. Civ. P. 12(h)(3). The object of the controversy as now redefined by Plaintiff is simply the manner of initiating the sale process, which has no identified monetary value. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977) ("in actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

## POINT I

### THE COMPLAINT SHOULD BE DISMISSED FOR
### FAILURE TO JOIN NECESSARY PARTIES

Defendants offer to limit the relief requested to a declaration of the "manner the notice process initiated by Ski Bowl may proceed" still necessitates an interpretation of Section 10.3, implicating the rights and obligations of FrontStreet and the Original Members and making them necessary and indispensable parties.

A.   **FrontStreet is a Necessary and Indispensable Party**

  1.   **FrontStreet is a Necessary and Indispensable Party under FRCP 19**

In a diversity case, the question of whether a party is necessary or indispensable is a question of federal law. Defendants cite *Weber v. King*, 110 F. Supp. 2d 124, 132 (E.D.N.Y. 2000) for the clear holding that a Company is a necessary party under Fed. R. Civ. P. 19(a) if its members are in conflict, as in the present case, because it has rights and obligations which are separate and distinct from those of its members. *See* Defendant's MOL, at *11-13 (citing *Weber*, 110 F. Supp. 2d at 127). In addition, the *Weber* decision provides a relevant analysis of the four factors to be considered in determining whether FrontStreet is indispensable under Fed. R. Civ. P. 19(b). *Weber*, 110 F. Supp. 2d at 129-30 (if the LLC's assets are threatened; only the LLC has standing to challenge such a threat).

Similar to the claims in the *Weber* decision,[1] the assets of the Company lie at the core of this action and the Company will be liable for all investor claims. Plaintiff alleges in the

---

[1] The plaintiffs in *Weber* sought relief in the form of a declaratory judgment interpreting a promissory note and enjoining a fellow shareholder from specific actions and statements that allegedly prevented the Company from selling its assets or raising money for future operations. *Weber*, 110 F. Supp. 2d at 127, 130.

3

Complaint that the Defendants' actions interfered with the sale of the Property (FrontStreet's sole asset) and that Defendants do not represent the interests of FrontStreet. *See* Complaint ¶53. Plaintiff now seeks to withdraw the claim for breach of duties against FrontStreet and redefine the issue as a contract dispute between Ski Bowl and Defendants which is unrelated to the actual sale of the Property. *See* Plaintiff's MOL, at *6-11, fns. 2, 5. Regardless of the characterization, the only actual harm alleged is Ski Bowl's inability to initiate the sale of the Property free and clear of the development rights. Thus, the alleged harm remains principally to FrontStreet and only indirectly to Ski Bowl, which has no property interest in the assets of FrontStreet but only a right to share in its profits.[2] Moreover, if Plaintiff withdraws the claim for breach of duties against FrontStreet, Defendants may suffer prejudice as a result of the failure to join the Company because FrontStreet may bring a separate suit against Defendants on these claims, thus subjecting Defendants to multiple potentially inconsistent verdicts. *See Weber*, 110 F.Supp.2d at 130. As such, FrontStreet is a necessary and indispensable party under Fed. R. Civ. P. 19.

### 2. Ski Bowl's Claims are Derivative Claims

As an alternative basis for finding that FrontStreet is a necessary and indispensable party

---

[2] Without citation, Ski Bowl also contends that FrontStreet has "no right at all to participate in the forced sale process." *See* Plaintiff's MOL, at *9. Even though in a Forced Sale, Ski Bowl has the authority to execute documents, it does so in the name of FrontStreet. *See* Aff. Dougherty, Exh. 1, at *38 (September 10, 2012) ("to act for and on behalf of the Company"). Thus, the party in interest is FrontStreet. Despite Plaintiff's argument that Defendants fail to address departure from the long line of cases that a person who is not a party to a contract ordinarily will not be a party to its adjudication (*See* Plaintiff's MOL, at *12), that is not the basis upon which Defendants claim FrontStreet is an indispensable party. Defendants claim it is FrontStreet's interest in the Property that is being affected by the relief sought, and FrontStreet that would be required not only to execute a deed and other conveyance documents upon the sale of the Property, but to make representations of clean title in any purchase and sale contract, receive and distribute the proceeds from the sale, and defend or prosecute any disputes over the sale.

to the action, Defendants argue that Ski Bowl's claims are derivative in nature. Defendants disagree with Plaintiff's arguments regarding the standard of review, and contend that the case law and standard of review set forth by Defendants remains applicable in determining that Ski Bowl's claims are derivative under Delaware law. The purpose of the *Tooley* decision was to formally adopt what the Court described as a "simple analysis [] well imbedded in our jurisprudence" to distinguish between direct and derivative actions. *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1035 (Del. 2004). In doing so, the Court rejected the "special injury" test applied in some courts and accepted a two-pronged analysis applied in other courts: (1) who suffered the alleged harm (the corporation or the suing stockholder individually, and (2) who would receive the benefit of the recovery or other remedy. *Id*. at 1035. Therefore, the rule is merely form over substance in application, as the court cited case precedent to confirm the standard of review to be relied upon in determining whether a claim is direct or derivative in nature. *Id*. at 1038 (citing *Kramer v. Western Pacific Industries, Inc.*, 546 A.2d 348, 352 (Del. 1988) (the test requires the court to determine "the nature of the action based on the 'nature of the wrong alleged' and the relief that could result.").[3] All of the cases relied upon by Defendants, in arguing that Ski Bowl's claims are derivative in nature, cite to the same case precedent and the same standard of review affirmed in the *Tooley* decision.[4] And despite Plaintiff's contention, none of the cases cited by Defendants reference or apply the "special

---

[3] The Court in *Tooley* recognized the *Kramer* test, 546 A.2d at 352, as what "was, and is, the correct test." 845 A.2d at 1038.

[4] *Weber v. King*, 110 F. Supp. 2d 124, 132, applied the *Kramer* test to characterize the harm as to the shareholder or entity to determine a direct or derivative claim. *Lenz v. Associated Inns and Restaurants Co. of Am.*, 833 F.Supp. 362, 380 (S.D.N.Y.1993) applied the *Kramer* test: "[t]he distinction between derivative and individual actions rests upon the party being directly injured by the alleged wrongdoing." *Bartfield v. Murphy*, 578 F.Supp.2d 638, 646 (S.D.N.Y. 2008) (applying the *Kramer* test) cited the *Lenz* case: "determination of whether a suit is derivative or direct turns on the nature of the injury alleged and the entity which sustains the harm."

injury" test.[5] *See* Plaintiff's MOL, at *9, fn. 4.

The *Tooley* decision provides no greater or divergent analysis than the case precedent cited by Defendants,[6] that the Court must review the Complaint as a whole to ascertain the exact nature of the wrong alleged. *Tooley*, 845 A.2d at 1035.[7]  Of course, that is made more difficult by the metamorphosis that the Complaint is going through, but it still appears that the only harm Ski Bowl can claim to suffer from as a result of the alleged impairment of its contractual right to move the sales process forward is the ultimate financial benefit related to the sale itself.  While Plaintiff attempts to evade that conclusion by alleging the "immediate injury at issue" is the deprivation of this contractual right, it fails to distinguish the harm that the Complaint describes. *See* Plaintiff's MOL, at *10.  Ski Bowl cannot prevail in showing an actual injury that is not dependent upon showing an injury to the value of the Property, which is an asset owned by FrontStreet.  Thus, the claims asserted by Plaintiff are derivative in nature and belong to FrontStreet, not Ski Bowl.

---

[5] Contrary to Plaintiff's assertion, the two federal cases cited for the Delaware standard of review do not rely upon the "specific injury" test or rejected case law. The *Weber* case, 110 F. Supp. 2d at 132-33, cited *Lipton v. News Int'l Plc.*, 514 A.2d 1075 (Del. 1986) only in a reference footnote, but applied the *Kramer* test. The *Lenz* decision does not reference, cite to or apply the "special injury" test, but applied the *Kramer* test. 833 F. Supp. at 380.

[6] Defendants argue that despite Plaintiff's characterization of this action as a breach of duties, the ultimate relief sought is the interpretation of the terms of the Operating Agreement of FrontStreet to force the sale of the Property absent the development rights under Section 10.10.  *See* Defendant's MOL, at *9 (citing *Lenz*, 833 F. Supp. at 379 ("the court must look to the nature of the wrongs alleged in the body of plaintiff's complaint, and is not limited by plaintiff's characterization or stated intention.").

[7] To answer the first question of who suffered the alleged harm the *Tooley* decision instructs that the inquiry is as follows: "[l]ooking at the body of the complaint and considering the nature of the wrong alleged and the relief requested, has the plaintiff demonstrated that he or she can prevail without showing an injury to the corporation." *Tooley*, 845 A.2d at 1036 (citation omitted). To answer the second question of who would receive the benefit of the recovery or other remedy, the *Tooley* decision instructs that such a conclusion "should logically follow" from the first question. *Id*. at 1036.

### B.     The Original Members are Necessary and Indispensable Parties

In order to maintain this action in this Court, Plaintiff necessarily takes the position that in an action to decide the fate of the substantial investments made and expectations of the Original Members, not only are the Original Members not allowed to participate in this action, but that they will never have their day in court. This is so because Plaintiff also contends that after the Original Members are excluded from this action, the doctrine of *res judicata* will bar them from ever litigating their rights. *See* Plaintiff's MOL, at *21. And to achieve this unconscionable result, Plaintiff seeks to run away from the primary allegations in its Complaint, that Defendants act in their own self interest and are in direct conflict with the Original Members. Despite Plaintiff's pleading gyrations, the Original Members remain necessary and indispensable parties.

First, Plaintiff contends that Defendants have "repeatedly manifested" that they will fully represent the Original Members in this action. *See* Plaintiff's MOL, at *1, 16-17. Defendants have provided no such basis to draw this conclusion. The response letters and affidavits referenced by Plaintiff only demonstrate the fact that Defendants, as Managers, negotiated on behalf of the Original Members for the development rights under Section 10.10 and objected on behalf of a Majority-in-Interest of the Original Members to the validity of the Offer Notices presented by Ski Bowl that did not recognize such rights. To the contrary, Defendants have rejected the notion that they have been authorized or are willing to assume the burden of representing the interest of the Original Members in this action. *See* Dougherty Aff. (September 10, 2012), ¶23. On limited occasions, Defendants being the conduit for transmitting the position of a Majority-in-Interest of the Original Members does not equate to their assuming the right and responsibility to represent the interests of all Original Members in litigation.

7

Second, Plaintiff argues that the Original Members have expressly authorized the Defendants to represent their interests in this action pursuant to Section 13.15(c) of the Agreement relating to the exercise of their rights under Sections 10.2, 10.3 and 10.4. *See* Plaintiff's MOL, at *16-17.  This conclusion is not substantiated by the language of the provision because the provision only avoids authenticating the decision of each Original Member; bears no relation to the exercise of the development rights under Section 10.10; and does not address the issue of representation in a legal action concerning a dispute of the terms under Section 10.3.

Third, whether or not Defendants can articulate a legal position that may be shared by all the Original Members does not dictate a finding that they can and will fully represent the interests of all the Original Members.  In view of the Agreement not speaking directly to the relinquishment of the development rights of the Original Members, nor, according to Plaintiff, does it directly speak to their retention, the contract may be found to be ambiguous.[8]  In which case, extrinsic evidence will be admitted at trial to determine the intent of the parties.  What each Original Member intended and understood will be a question of fact, and only the Original Members can testify to that.  Defendants cannot testify to a non-party's understanding or intent.  And the Original Members should not be forced to rely upon Defendants to pursue a trial strategy that enables every Original Member who wants to testify, or to challenge the factual contentions of Plaintiff's witnesses, to do so.

Fourth, Defendants' presence in this matter is not sufficient to bind the Original Members to this Court's judgment under the doctrine of *res judicata*.  The case law cited by Plaintiff

---

[8] Defendants continue to argue that by specifying in Section 10.10 the Vertical Improvements LLCs "shall" be the developers of the three defined Projects, a forced sale does not relinquish the contractual right of the Original Members to invest in the Vertical Improvements LLCs and the potential profits.

addresses instances of legal privity between a party and non-party under insurance law[9] and a professional partnership.[10] These cases are not reflective of the relationship between the Defendants and the Original Members in this case. The Court would be finding that Defendants are responsible for representing the interests of independent investors (Original Members), in an action in which the Defendants are alleged to have breached their duties to these investors, without the Original Members having an opportunity to advocate their individual positions or arguments. The Original Members would stand to lose capital contributions and investment opportunities in a lawsuit that they can never participate in or challenge. Defendants simply do not stand in the position of privity with the Original Members that would bind them to the judgment in this action and prevent their pursuing their legal interests in subsequent litigation.

---

[9] *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 564 N.E.2d 634, 637 (N.Y. 1990).
[10] *Buechel v. Bain*, 766 N.E.2d 914, 920 (N.Y. 2001).

**CONCLUSION**

The motion to dismiss should be granted for lack of jurisdiction on the grounds of failure to join necessary and indispensable parties and improper venue, as well as the fact that with the concessions made for which Plaintiff now seeks to curtail its allegations and relief sought, Plaintiff seeks merely an advisory opinion, and the Complaint does not meet the $75,000 diversity jurisdictional threshold.

DATED: October 2, 2012

        O'CONNELL AND ARONOWITZ
        By:
            **/S/ Jeffrey J. Sherrin**
            Jeffrey J. Sherrin (Bar Roll No. JS5129)
            **O'CONNELL AND ARONOWITZ**
            54 State Street
            Albany, NY 12207-2501
            (518) 462-5601 (phone)
            (518) 462-6486 (fax)
            jsherrin@oalaw.com

TO: *Attorneys for Plaintiff*
     Joseph P. Moodhe, Esq.
     Debevoise & Plimpton LLP
     919 Third Avenue
     New York, NY 10022