UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
SKI BOWL REALTY MEMBER LLC,                  :
                                             :
                Plaintiff,                   :
                                             :   No. 12-CV-4607 (PGG)
     - against -                             :
                                             :   ECF Case
                                             :
                                             :
DAVID C. CRIKELAIR and                       :
THOMAS P. DOUGHERTY, JR.,                    :
                                             :
                Defendants.                  :
------------------------------------------------- x

# SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Joseph P. Moodhe (jpmoodhe@debevoise.com)
Lee A. Greenwood (lgreenwo@debevoise.com)
Joshua Weigensberg (jweigens@debevoise.com)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6241

*Attorneys for Plaintiff Ski Bowl Realty Member LLC*

New York, New York
October 4, 2012

On permission of the Court, Ski Bowl Realty Member LLC ("Ski Bowl") writes to address a new issue that Defendants admittedly raised for the first time in their Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Reply") (Dkt. No. 27).  On page 2 of their Reply, Defendants state:

> While Defendants did not previously raise the $75,000 jurisdictional threshold in a diversity case, it is now apparent that the threshold is not met by the newly defined Complaint, and there is an additional jurisdictional ground for dismissal, which the Court can entertain at any time. *See* Fed. R. Civ. P. 12(h)(3).  The object of the controversy as now redefined by Plaintiff is simply the manner of initiating the sale process, which has no identified monetary value.

Defendants' suggestion is misplaced.  *First*, Ski Bowl did not re-define the object of the controversy in its Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition") (Dkt. No. 26).[1]  The thrust of the Complaint is and always has been directed at remedying the harm caused by the Defendants' actions in interfering with Ski Bowl's right to proceed with the sale process, a contractual mechanism that permits it to extricate itself from its investment.  In its Opposition, Ski Bowl merely re-confirmed the focus of the Complaint's claims and allegations by withdrawing incidental allegations that could be construed as seeking non-essential relief against non-parties, a modification that the Court could also effectuate pursuant to Fed. R. Civ. P. 19(b)(2).

*Second*, it is incorrect to assert that there is no monetary value associated with Ski Bowl's claims.  In a diversity action seeking injunctive or declaratory relief such as this one, the amount in controversy is determined by the value of the object of the litigation from the perspective of the plaintiff. *Bernard v. Gerber Food Products Co.*, 938 F. Supp. 218, 220-21 (S.D.N.Y. 1996) (citing *Beacon Constr. Co. v. Matco Elec. Co.*, 521 F.2d 392, 399 (2d Cir. 1975)).  As explained

---

[1] Except where defined herein, capitalized terms have the meaning in the Opposition.

in the Opposition, the object of this litigation is the vindication of Ski Bowl's contractual rights described in Section 10.3 of the Agreement. Section 10.3 gives Ski Bowl the right, following the fifth anniversary of the Agreement, to either (i) sell the Property to the other Members; (ii) sell the Property to a third party; or (iii) sell Ski Bowl's Membership Interest in FrontStreet to the other Members. Complaint ¶¶ 15-17. Contrary to Defendants' *ipse dixit* assertion, Ski Bowl's Section 10.3 rights clearly have substantial monetary value from the perspective of Ski Bowl that far exceeds $75,000. The Complaint alleges that Ski Bowl acquired its Membership Interest by making a capital contribution totaling $3 million, that it has contributed an additional $500,000 in connection with the operating expenses of FrontStreet, and that it remains liable for additional sums related to the continued operation of FrontStreet in the future. *Id.* ¶¶ 14, 39. As further explained in the Opposition, Defendants' actions have sought to frustrate Ski Bowl's attempts to extract this substantial investment in the contractually-prescribed manner of Section 10.3.

In sum, Defendants' passing afterthought that there may be a question as to whether Ski Bowl has properly pled the jurisdictional amount requirement in 28 U.S.C. § 1332(a) is analytically unsound, and should not divert this Court from denying Defendants' Motion to Dismiss for the grounds advanced in the Opposition.

Dated:   New York, New York       DEBEVOISE & PLIMPTON LLP
         October 4, 2012

                                  By: __/s/ Joseph P. Moodhe_____

                                  Joseph P. Moodhe (jpmoodhe@debevoise.com)
                                  Lee A. Greenwood (lgreenwo@debevoise.com)
                                  Joshua Weigensberg (jweigens@debevoise.com)

                                  919 Third Avenue
                                  New York, New York 10022
                                  (212) 909-6241

                                  *Attorneys for Plaintiff Ski Bowl Realty Member LLC*